UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

JOSEPHINE BROWN, *Individually and on Behalf of*  :
*All Other Persons Similarly Situated*,          :
                                                 :
                              Plaintiffs,        :
                                                 :
                -against-                        :    Case No. 1:21-CV-01292 (MMH)
                                                 :
KF OFFICE LLC d/b/a "At Your Side Home Care      :
Services", AT YOUR SIDE HOME CARE                :
SERVICES, UNIVERSAL HEALTH CARE, LLC             :
d/b/a "At Your Side Home Care Services", JAMIE   :
LUCHS, and JOHN DOES #1-10,                      :
                                                 :
                              Defendants.        :

---------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

### ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF CLASS; (2) GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT DISMISSING THE ACTION WITH PREJUDICE

This matter came on for hearing upon the Court's Order of March 20, 2023 following preliminary approval of the Settlement in this action ("Preliminary Approval Order"). Due and adequate notice having been given to the Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed Settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

### IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      Except as otherwise specified herein, the Court adopts all defined terms set forth in the parties' Settlement Agreement, dated August 12, 2022 (the "Agreement").

2.     The Court has jurisdiction over the subject matter of the above-captioned matter, the Named Plaintiff, Defendants KF Office LLC ("KF Office") (improperly named as "KF Office LLC d/b/a 'At Your Side Home Care Services'"), Universal Health Care, LLC d/b/a "At Your Side Home Care Services" ("Universal") (KF Office and Universal together, the "Corporate Defendants") and Jamie Luchs ("Luchs") (Luchs and the Corporate Defendant together, the "Defendants") and all members of the Class, which consists of all individuals employed by the Corporate Defendants as Home Health Aides within the state of New York from March 10, 2015 through December 31, 2021, excluding those persons who validly excluded themselves from the class.

3.     The Court finds that the distribution by first-class mail of the Notice of Settlement constituted the best notice practicable and fully met the requirements of due process under the United States Constitution, applicable state law, Federal Rule of Civil Procedure 23, and the Fair Labor Standards Act based on evidence and other materials submitted in conjunction with the Fairness Hearing, and that the actual notice to Class was adequate. These papers informed class members of the terms of the Settlement, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear at the Fairness Hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.  Because the following four Class Members' mailing of notice was unable to be completed (Kenold Glosy, Jose Iglesias, Sarthe Remy, and Milagro Cruz Rodriguez), these four Class Members are not Participating Class Members and will not be subject to the Settlement terms and their potential claims will not be released.

4.     The Court finds that no Class Members objected to the Settlement and no Class Members have validly requested exclusion.

5.     The Court finds, for purposes of settlement only, that the Class satisfies the applicable standards for certification under Federal Rule of Civil Procedure 23.  Accordingly, solely for purposes of effectuating this Settlement, this Court has certified the Class, as that term is defined above.  Because the Rule 23 class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3).  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

6.     The Court approves the Settlement, and each of the releases and other terms set forth in the Agreement, as fair, just, reasonable, and adequate as to the Class, the Named Plaintiff, and Defendants (collectively "Settling Parties") under all applicable law, including but not limited to, Federal Rule of Civil Procedure 23, the Fair Labor Standards Act, and the New York Labor Law.  The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Agreement.

7.     The Court finds that the plan of allocation set forth in the Agreement is fair and reasonable and that distribution of the Net Settlement Fund to Class Members shall be done in accordance with the terms outlined in the Agreement:

8.     The Court hereby orders the appointment of Josephine Brown as Class Representative for the Class for purposes of settlement.

9.     The Court hereby orders the appointment of William Coudert Rand, Law Office of William Coudert Rand, as Class Counsel for the Class for purposes of Settlement and the releases and other obligations therein.

10.     Corporate Defendants have agreed to pay to Class Counsel his reasonable attorneys' fees in the amount of $123,370.81, costs and expenses in the total amount of $492, a Service Award to the Class Representative in the amount of $15,000, and administrator fees of $10,000.   Accordingly, the Court hereby awards to Class Counsel $123,370.81 for attorneys' fees and $492 for costs and expenses.  The Court also awards to the administrator, CPT Group, Inc., its fee of $10,000 as full payment for its completing the administration of the Settlement.  The Service Award of $15,000 to the Class Representative, Josephine Brown, is approved and awarded to the Named Plaintiff for her service to the Class, including direct participation in Class Counsel's fact investigation and the settlement negotiations.  Defendants are directed to make all of the foregoing payments to Class Counsel, the Class Representative, the Administrator, and the Class Members in accordance with the terms of the Agreement.  Defendants shall not be required to make any additional payments in connection with the Settlement.

11.     By operation of entry of this Order and Final Judgment, all Released Claims are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Agreement as to all Class Members, except those who have timely and validly opted-out or to whom Defendants have granted an exclusion. The Court permanently enjoins all Class Members from pursuing and/or seeking to reopen claims that have been released by this Agreement, except those Class Members who have timely and validly opted-out or to whom Defendants have granted an exclusion.

12.     The Defendants entered into this Agreement solely for the purpose of compromising and settling disputed claims.  Defendants in no way admit any liability, and all liability is expressly denied.

13.    This action is hereby dismissed on the merits and with prejudice. The action is closed.

14.    The Court declines to retain jurisdiction to resolve any disputes under the Agreement or to effectuate the terms of the Agreement.

15.    This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Brooklyn, New York
October 19, 2023

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge